[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT #149
The plaintiff, Lawrence Doran, filed a revised complaint against Brooke Blasko and Michael Blasko after an automobile operated by Brook Blasko and owned by Michael Blasko collided with an automobile being driven by the plaintiff, resulting in injuries to the plaintiff. Michael Blasko (the defendant) has filed a motion for summary judgment as to the allegations contained in the plaintiff's revised complaint at count two. The defendant argues that the alleged recklessness of Brooke Blasko cannot be imputed to him under the family car doctrine, and supports this position with several superior court cases. The plaintiff objects to the defendant's motion, and has supplied cases in which superior courts have allowed the imputation of recklessness between operators and owners of a motor vehicle.
The cases of the superior courts holding that neither General Statutes § 52-182[1] nor the common law impose punitive damages or the owner of an automobile for the reckless conduct of the operator control here, and thus the defendant cannot be liable for the recklessness of Brooke Blasko based on their father-daughter relationship. See Gomez v. Mitsubishi MotorsCredit of America, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327864 (June 19, 1996) (Ballen, J.) (17 CONN. L. RPTR. 102, 103) and cases cited therein. See alsoGregson v. Chiaranda, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327696 (November 22, 1996) (Maiocco, J.) (Superior courts have uniformly determined that § 52-182 does not allow the imposition of double or treble damages on the owner for the reckless conduct of the operator).
The defendant should not be held liable for his daughter's alleged recklessness under General Statutes § 52-183,[2]
since "[s]ection 52-183 does not specifically permit punitive damages to be vicariously imposed upon a non-operator/owner."Hamilton v. Zarrelli, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145033 (October 27, 1995) (D'Andrea, J.) See also Gomez v. Mitsubishi Motors Credit ofAmerica, supra, 17 CONN. L. RPTR. 103-04; Silva v. Arroyo,
Superior Court, judicial district of New London, Docket No. CT Page 9194 537532 (June 26, 1996) (Austin, J.) (17 CONN. L. RPTR. 306, 307-08) (section 52-183 fails to express the specific legislative intent necessary to abrogate the long-standing common-law rule prohibiting the vicarious imposition of exemplary damages).
For the reasons set forth in the cited cases, the defendant's motion for summary judgment as to count two of the plaintiff's revised complaint is granted as a matter of law.
STODOLINK, J.